PATRICK DONAHOE *vs.* BENJAMIN F. EMERY & another.

A., as guardian of three of the minor children of a deceased father, and B., as guardian of the other minor children of the same father, sold their wards' real estate at auction, under a license from the probate court, and jointly gave a deed to the purchaser, in which was this covenant : " We, in the capacity aforesaid, do covenant with the said D., his heirs and assigns, that the premises are free of all incumbrances by, through or under us, and that the said D., his heirs and assigns, shall and may peaceably hold and enjoy the same free from the lawful claims and demands of all persons." D. was afterwards evicted by E. to whom the minors' father had mortgaged the premises. *Held*, that A. and B. were personally and jointly liable to D. on the covenant for quiet enjoyment.

When a grantee, who is evicted by the holder of a mortgage made prior to his grant, sues his grantor on the covenant for quiet enjoyment, he is not entitled to recover damages beyond the amount of the mortgage debt, if the mortgage be not foreclosed.

THIS was an action on a covenant of quiet enjoyment contained in the following deed : " Whereas we, Benjamin F.

Emery, guardian of John Havelin, Ann Havelin and Edward Havelin, and John Dee, guardian of Elizabeth Havelin and Ellen Havelin, minor children of John Havelin, late of Boston, deceased, by order of the probate court for the county of Suffolk, holden on the 31st of May 1841, were licensed to make sale of the real estate of said minors, for their maintenance and support; therefore we, the said John Dee and Benjamin F. Emery, guardians as aforesaid, as well by virtue and authority of the power to us given as aforesaid, as in consideration of the sum of $1210 paid us by Patrick Donahoe of said Boston, do hereby, in our said capacity, grant, bargain, sell and convey unto said Patrick Donahoe, a dwelling-house and land underneath and adjoining it, being number thirty-five in Poplar Street, and conveyed to said John Havelin by James Denton, as by deed recorded in Suffolk registry, book 414, page 66; the same being subject to the dower of the widow of John Havelin aforesaid. To have and to hold the same, with all the privileges and appurtenances thereof, to him the said Patrick Donahoe, his heirs and assigns forever. And we, in the capacity aforesaid, covenant with the said Patrick Donahoe, his heirs and assigns, that the said John Havelin died seized of the premises; that we were duly licensed by said court to sell the same, and that it was necessary the same should be sold for the purposes aforesaid; that previous to the intended sale, we took the oath by law prescribed, gave bonds, as the law in such case directs, and public notice of said sale, according to the directions of the law in such case made and provided; and that said Patrick Donahoe offered most for said premises, and the same were thereupon struck off to him, for the sum aforesaid, at a public vendue held on said premises on Monday the 28th day of June instant. And we do further, in the capacity aforesaid, covenant to and with the said Patrick Donahoe, his heirs and assigns, that the premises are free of all incumbrances by, through or under us, and that the said Donahoe, his heirs and assign forever, shall and may peaceably hold and enjoy the same free from the lawful claims and demands of all persons. In

witness whereof we have hereunto set our hands and seals, the thirtieth day of June in the year of our Lord eighteen hundred and forty one.                    Benj. F. Emery. (seal.)
                                        John Dee. (seal.)"

The defendant Emery was defaulted; and the plaintiff and Dee submitted the case to the court, on the following facts agreed: "The defendants, by the aforesaid deed, conveyed to the plaintiff the estate therein described, for the sum therein mentioned. Said estate belonged to certain minors, of whom the defendants were severally guardians, and was sold pursuant to a license duly granted by the probate court. The plaintiff entered upon the estate, and on the 28th of May 1842, was lawfully evicted therefrom by Thesta Dana, by virtue of a mortgage of the estate, made to her by John Havelin, father of the said minors, in his life, jointly with one Denton, with whom, at that time, said Havelin owned the estate in common."

It was agreed that if the defendant Dee was personally liable to the plaintiff, in this action, upon the covenant declared on in the writ, judgment should be rendered in favor of the plaintiff for such damages as he should by law be entitled to recover; otherwise, that the plaintiff be nonsuited.

*G. T. Curtis & Story*, for the plaintiff. The defendants, though denominating themselves guardians, executed the deed in their personal capacity, and are therefore personally liable on their covenants. Story on Agency, § 148. 2 Wheat. 56, note. *Combe's case*, 9 Co. 76. *Appleton* v. *Binks*, 5 East, 148. *Lutz* v. *Linthicum*, 8 Pet. 165. *Sumner* v. *Williams*, 8 Mass. 162. *Whiting* v. *Dewey*, 15 Pick. 428. *Forster* v. *Fuller*, 6 Mass. 58. *Thacher* v. *Dinsmore*, 5 Mass. 299. The defendants are also jointly liable on their covenants, as they jointly conveyed the estate. *Coleman* v. *Sherwin*, 1 Salk. 137. Bac. Ab. Covenant, B. Hammond on Parties, 48.

*C. H. Parker*, for Dee. The defendants' covenant for quiet enjoyment is either a part of the sentence which precedes it, and is therefore only a covenant for their own acts; or, if it is an independent covenant, it is to be governed by the

6 *

whole context, according to the meaning to be derived from the whole instrument. On the plaintiff's construction, the two clauses which contain covenants are inconsistent; one containing covenants against the defendants' own acts, and the other a covenant against all the world. Such a construction is not to be adopted. *Watchman* v. *Crook,* 5 Gill & Johns. 239. *Ludlow* v. *McCrea,* 1 Wend. 228. *Browning* v. *Wright,* 2 Bos. & Pul. 13. *Sicklemore* v. *Thistleton,* 6 M. & S. 12. *Iggulden* v. *May,* 7 East, 241. *Doe* v. *Godwin,* 4 M. & S. 265. 1 Walford on Parties, 479.

The defendants were severally guardians of different minors, and their covenants should be construed to be several and not joint. See *Smith* v. *Pocklington,* 1 Crompt. & Jerv. 445. *Collins* v. *Prosser,* 1 Barn. & Cres. 682. *Lee* v. *Nixon,* 1 Adolph. & Ellis, 201.

WILDE, J. This is an action upon an alleged breach of the defendants' covenant for quiet enjoyment of real estate by them conveyed to the plaintiff. The defendants were guardians of five minor children; the said Emery being the guardian of three of them, and the said Dee of the other two. And they, in their said capacities, being duly licensed by the probate court, sold and conveyed to the plaintiff a certain dwelling-house and land, as the property of the said minors; and, with other covenants, covenanted with the plaintiff that he, his heirs and assigns, should forever peaceably hold and enjoy the premises free from the lawful claims and demands of all persons. It is admitted that the plaintiff has been since lawfully evicted therefrom, by Thesta Dana, by virtue of a mortgage deed of the premises from the father of the said minors.

The questions are, whether the defendants are personally liable; and if so, whether their covenant is to be considered joint or several.

The first question we consider as settled by a current of authorities, and as no longer an open question. The principle is, that when a party contracts *en auter droit,* having no authority to bind his principal, he is to be held personally liable. Otherwise, the other contracting party can have no remedy

for a breach of the contract. It is true that the defendants were not under any obligation to make the covenant in question, and some other covenants in the deed, such as the covenant of seizin, &c. But the purchaser undoubtedly took the deed in reliance on all the covenants as valid and binding covenants; and he had a good right so to rely for his security.

This consideration, however, has no bearing on the other question, viz. whether the covenant was joint or several ; for in either case it may be equally valid, although not equally beneficial to the covenantee ; as, in the former case, the cove nantors would be mutually bound for each other. This question, therefore, must be decided by the rules of construction, as established by the principles of the common law found in the authorities. These rules are laid down by Platt, in his treatise on covenants, Part. I. *c.* 3, § 2, and are fully supported by the cases there cited. Where two or more persons covenant with another by the words " we covenant," the words indicate a joint covenant, and are to be so considered, unless from the whole contract it should appear that such was not the understanding of the parties. If two covenant generally for themselves, without any words of severance, or that they, or any one of them, shall do such a thing, a joint charge is created. So as to implied covenants, as on the word " *dimiserunt,*" if a declaration alleges, as a breach, that at the time of the demise a stranger was seized in fee, so that the lessors had not a right to demise the premises, it must be against both the lessors. But a breach by the tortious act of one of the lessors will support an action against him alone. A leading case on this head is *Coleman* v. *Sherwin,* reported in 1 Salk. 137, and other books. In that case, the plaintiff declared that the defendant and one J. S. demised to the plaintiff for seven years, *virtute cujus* he entered and was possessed ; and the defendant and one A., by his command, entered upon the plaintiff, and turned him out of possession; and that neither the defendant nor the said J. S. had or ought to have demised the premises, but, at the time of the demise, one R.

was seized thereof in fee. And it was held that as the interest granted by the word *dimiserunt* was joint, so was the covenant imported by it; and then as to the breach of their being not seized at the time of the demise, the action ought to have been against both the lessors, and could not be maintained against the defendant alone. But as to the tortious entry, the action was well enough against the defendant only; for it was his own act, and in construction each did demise, and it was a several covenant as to their own acts subsequent. S. C. Carth. 97. Comb. 163. 1 Show. 79. This principle, and the distinction, are supported by various authorities before and after the said decision; 2 Stephens Nisi Prius, 1130, 1131; and its correctness does not appear to have been ever questioned. And it is decisive in the present case. The defendants' covenant was for quiet enjoyment against the lawful demands of all persons; and the breach is by a party having a paramount title, and not by any subsequent act of the defendants.

As to the question of damages, the general rule is, that they are to be assessed to the value of the land at the time of the eviction. But this rule might operate unjustly in the present case; for Thesta Dana, by whom the plaintiff was evicted, had a mortgage deed only, the amount due on which does not appear. But it does appear that the same is not foreclosed; and the equity of redemption may be valuable. The plaintiff, therefore, may restore himself to possession, by paying the mortgage debt and interest, and the costs of suit. And to this amount only he is entitled to recover; and even this will operate hardly upon the defendant Dee, who probably trusted to his co-defendant to examine the title, and to prepare the deed. He is by law responsible, however, for his negligence and carelessness. But in the settlement of his probate account, there seems to be no objection to the allowance of the amount of the mortgage debt to his credit; and thus he may be indemnified, except for costs and expenses, for which he has no indemnity and must probably bear the loss; for the minors certainly ought not to be chargeable, in law or equity, for the negligence or the mistakes of their guardians. The rule

laid down was adopted in *Tufts* v. *Adams*, 8 Pick. 550, and confirmed in *White* v. *Whitney*, 3 Met. 81. And it seems founded on a principle of reciprocal justice. The plaintiff is entitled to indemnity, and no more; and to compel the defendants to pay the full value of the estate would be unjust, if it exceeded the amount of the incumbrance. If such is the fact in the present case, judgment will be entered for the plaintiff, for the amount of the mortgage, including interest, and the costs of the suit against him by the mortgagee, who will be accountable to him for the rents and profits received by her, if he redeems the mortgage.